**Shawn R. HINES, Appellant**

v.

**UNITED STATES of America; Federal Bureau of Investigation; John Doe; Jane Doe; ABC Corp.; XYZ Corp., said names being fictitious and representing unknown potentially liable parties.**

No. 05–4055.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal

Under 28 U.S.C. § 1915(e)(2)(B) or

Third Circuit LAR 27.4 and

I.O.P. 10.6 Dec. 8, 2005.

Decided Feb. 8, 2006.

Shawn R. Hines, West Orange, NJ, pro se.

Before ROTH, FUENTES and VAN ANTWERPEN, Circuit Judges.

## OPINION

### PER CURIAM

Appellant Shawn R. Hines, a resident of West Orange, New Jersey, filed an *in forma pauperis* complaint in United States District Court for the District of New Jersey against the United States of America and others, alleging a violation of his civil rights under domestic and international law. Hines claimed that the United States government and others have tortured him with poisonous gas for the last 12 years whenever he tried to study toward his career goals. He sought $10,000,000 in money damages and injunctive relief. The District Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i).[1] Our Clerk granted Hines leave to appeal *in forma pauperis.*

We will dismiss the appeal as frivolous. The federal *in forma pauperis* statute permits an indigent litigant to take an appeal without paying the administrative costs of proceeding with the appeal. 28 U.S.C. § 1915. The statute protects against abuses of this privilege by allowing the appeals court to dismiss the appeal if it is frivolous. *Denton v. Hernandez,* 504 U.S. 25, 27, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). We thus have the "unusual power to pierce the veil of the [underlying] complaint's factual allegations," *id.* at 32, 112 S.Ct. 1728 (quoting *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)), and dismiss the appeal where those factual allegations are delusional, irrational, or wholly incredible, *id.* at 33, 112 S.Ct. 1728. We have carefully reviewed Hines' complaint and conclude that it is clearly baseless for those very reasons.

We will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

---

1. Although we require district courts to grant a motion for leave to proceed *in forma pauperis* under section 1915(a) based on economic criteria alone *before* dismissing a complaint as frivolous, *Sinwell v. Shapp,* 536 F.2d 15 (3d Cir.1976), we conclude that such a grant is implied in the District Court's order. We note that Hines' monthly expenses exceed his disability income.